J-S21041-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DASHAUN M. MURRAY | : | |
| | : | |
| Appellant | : | No. 1598 MDA 2021 |

Appeal from the Judgment of Sentence Entered July 8, 2021
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0001089-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DASHAUN MALIK MURRAY | : | |
| | : | |
| Appellant | : | No. 1599 MDA 2021 |

Appeal from the Judgment of Sentence Entered July 8, 2021
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0000436-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DASHAUN MALIK MURRAY | : | |
| | : | |
| Appellant | : | No. 1600 MDA 2021 |

Appeal from the Judgment of Sentence Entered July 8, 2021
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0000473-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|   |   | : |   |
| --- | --- | --- | --- |
|  | v. | : |  |
|  |  | : |  |
|  |  | : |  |
|  | DASHAUN MALIK MURRAY | : |  |
|  |  | : |  |
|  | Appellant | : | No. 1601 MDA 2021 |

Appeal from the Judgment of Sentence Entered July 8, 2021
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0002636-2019

BEFORE:  DUBOW, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED:  JULY 18, 2022**

Dashaun M. Murray (Murray) appeals from the judgments of sentence and the revocation of probation sentence entered on July 8, 2021, in the Court of Common Pleas of Luzerne County (trial court) in the four above-captioned cases.  Most of the sentences were made consecutive and all were within the standard statutory ranges.  He argues that the court abused its discretion in imposing the consecutive sentences and sentencing him to a term of confinement after revoking his probation.  Counsel has filed an application to withdraw pursuant to **Anders v. California**, 386 U.S. 738 (1967).  We affirm the judgment of sentence and grant counsel's petition to withdraw.

---

[*] Retired Senior Judge assigned to the Superior Court.

- 2 -

**I.**

At docket number 1089 of 2017, Murray pleaded guilty to second degree felony Criminal Trespass[1] on November 20, 2017. He was sentenced to twenty-four months' probation on December 22, 2017. On August 28, 2018, probation was revoked for a violation and a new sentence of thirty-six months of probation was imposed.

On September 25, 2020, Murray pleaded guilty to Possession with Intent to Deliver (PWID)[2] heroin at docket number 2636 of 2019. On April 30, 2021, Murray pleaded guilty to Possession of a Firearm Prohibited[3] at docket number 473 of 2021 and Aggravated Assault[4] at docket number 436 of 2021.

The court held a sentencing and violation of probation hearing on July 8, 2021, at the four docket numbers. It had the benefit of a Pre-Sentence Investigative report (PSI). Murray's probation for Criminal Trespass conviction at docket number 1089 of 2017 was revoked for his violation and the court sentenced him to a term of not less than sixty nor more than 120 months' incarceration.

---

[1] 18 Pa.C.S. § 3503(a)(1)(ii).

[2] 35 P.S. § 780-113(a)(30).

[3] 18 Pa.C.S. § 6105(a)(1).

[4] 18 Pa.C.S. § 2702(a)(4).

The court imposed a consecutive sentence of not less than thirty-six nor more than seventy months' incarceration on the firearm charge at docket number 473 of 2021, with a concurrent eighteen-to-thirty-six-month sentence for Aggravated Assault at 436 of 2021. It imposed a consecutive term of forty-eight to ninety-six months' incarceration for PWID at docket number 2636 of 2019. Hence, the total aggregate sentence for the four crimes was not less than twelve nor more than twenty-four years' incarceration.

On August 10, 2021, after being granted leave to file a post-sentence motion *nunc pro tunc*, Murray filed a motion for modification of sentence that was denied by the trial court on December 3, 2021. Murray filed a timely notice of appeal. On December 28, 2021, appointed appellate counsel filed a Rule 1925(b) statement indicating an intention to file an **Anders** brief since there were no meritorious issues to raise on appeal. On March 31, 2022, counsel filed a petition to withdraw as counsel pursuant to **Anders** in this Court.[5]

## II.

## A.

Criminal defendants have a constitutional right to a direct appeal as well as to counsel on that appeal. **See Commonwealth v. Woods**, 939 A.2d 896,

---

[5] On February 28, 2022, counsel filed a motion to consolidate the appeals that had been filed at each docket number. This Court granted the motion and consolidated these matters on March 31, 2022.

898 (Pa. Super. 2007). Before appointed appellate counsel may be permitted to withdraw pursuant to **Anders**, the following conditions must be met:

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.

**Id.** at 898.

> Once an **Anders** brief is filed, its contents are only sufficient if they:
>
> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).

In addition, counsel must provide the appellant a copy of the petition to withdraw and the **Anders** brief, advising him of the right to retain new counsel, to proceed *pro se*, or to raise new grounds for appellate relief. **See id.** If counsel has met these obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Id.** at 354 n.5.

In this case, counsel has satisfied the technical requirements of **Anders** and **Santiago**. He has filed a petition seeking to withdraw with this Court,

stating that he has examined the entire record and found this appeal to be frivolous. The petition included an attached copy of the letter he sent to Murray. Enclosed with that letter was a copy of the petition to withdraw, as well as a copy of the **Anders** brief. The content of the **Anders** brief also comports with all requirements for counsel's withdrawal. Murray has not responded.

Because the **Anders** requirements have been satisfied, we will turn to an independent review to determine if Murray's appeal challenging the discretionary aspects of his sentence is, in fact, wholly frivolous.

**B.**

Murray argues that the trial court erred in sentencing him to consecutive sentences and that his sentence for the probation violation is excessive. (**See Anders** Brief, at 6). Both claims challenge the discretionary aspects of his sentence. **See Commonwealth v. Johnson**, 961 A.2d 877, 879 (Pa. Super. 2008), *appeal denied*, 968 A.2d 1280 (Pa. 2009); **Commonwealth v. Ferguson**, 893 A.2d 735, 737 (Pa. Super. 2006), *appeal denied*, 906 A.2d 1196 (Pa. 2006).

> Before [this Court may] reach the merits of [a challenge to the discretionary aspects of a sentence], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [**see** Pa.R.A.P. 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. ...

*Commonwealth v. Giordano*, 121 A.3d 998, 1007-08 (Pa. Super. 2015), *appeal denied*, 131 A.3d 490 (Pa. 2016) (citation omitted; brackets in original). If these four requirements are met, the Court will review the merits of the case for an abuse of discretion.[6]

In order to demonstrate that a substantial question has been raised, an appellant must state (1) where his or her sentence falls in conjunction with the sentencing guidelines; (2) the Sentencing Code provision that has been violated; (3) the fundamental norm that the sentence ran afoul of; and (4) how the sentence violated that norm. *See Commonwealth v. Naranjo*, 53 A.3d 66, 72 (Pa. Super. 2012); *see also* 42 Pa.C.S. § 9781(c) (permitting appellate review of sentences imposed unreasonably or in violation of statutory guidelines).

Instantly, Murray filed a timely notice of appeal and preserved the sentencing issue in a post-sentence motion. He also included a Rule 2119(f)

---

[6] "Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." *Commonwealth v. Perreault*, 930 A.2d 553, 558 (Pa. Super. 2007), *appeal denied*, 945 A.2d 169 (Pa. 2008) (citation omitted). "[A] sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014), *appeal denied*, 105 A.3d 736 (Pa. 2014) (citation omitted). In the context of sentencing, "an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." *Id.*

concise statement in the **Anders** brief. However, Murray's one sentence statement fails to identify where his sentence falls in the sentencing guidelines, what sentencing code provision was violated, the relevant fundamental norm or how his sentence violated it. **See Naranjo**, **supra** at 72; (**Anders** Brief, at 3). Therefore, he has failed to raise a substantial question.

Nevertheless, because this case involves **Anders**, our duty requires our independent review of the merits of Murray's claims. **See Santiago**, **supra** at 354 n.5. Hence, we will review his issue despite the Rule 2119(f)'s lack of specificity.

**C.**

As this Court has often observed, defendants convicted of multiple offenses are not entitled to a "volume discount" on their aggregate sentence. **Commonwealth v. Green**, 149 A.3d 43, 53 (Pa. Super. 2016), *appeal denied*, 168 A.3d 1255 (Pa. 2017). "Generally, Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed." **Commonwealth v. Austin**, 66 A.3d 798, 808 (Pa. Super. 2013), *appeal denied*, 77 A.3d 1258 (Pa. 2013) (citation omitted).

Furthermore, "upon revoking probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence[.]" **Commonwealth v. Pasture**, 107 A.3d 21,

27-28 (Pa. 2014). After revoking probation, a court can impose a sentence of total confinement if it finds: "(1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of the court." 42 Pa.C.S. § 9771(c).

Instantly, the trial court indicated that it was familiar with Murray's history. (*See* N.T. Sentencing, 7/08/21, at 3). In fact, the court considered the information contained in Murray's PSI, so we presume that it "was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." **See Commonwealth v. Akhmedov**, 216 A.3d 307, 329 (Pa. Super. 2019), *appeal denied*, 224 A.3d 364 (Pa. 2020) (citation omitted). Murray's probation was revoked for his commission of a crime while on probation, and the sentence imposed was the same as the court could have imposed at the time he was originally sentenced. **See Pasture**, **supra** at 27-28; 42 Pa.C.S. § 9771(c). In imposing sentence, the court properly granted credit for all time served. The sentence for each count, including for the criminal trespass for which his probation was revoked, was within the sentencing guidelines, with the court exercising its discretion to impose the sentences for three of the four crimes consecutively. **See Austin**, **supra** at 808; (N.T. Sentencing, at 5-6). Murray declined to speak on his behalf prior to the trial court imposing the

aggregate sentence of not less than twelve nor more than twenty-four years' incarceration for the four crimes. (*See* N.T. Sentencing, at 5-6).

We discern no manifest abuse of the court's discretion in revoking probation and imposing consecutive sentences, and Murray's challenge to the discretionary aspects of sentence lacks merit. *See Raven*, *supra* at 1253; *Perreault*, *supra* at 558. Moreover, our independent review of the record does not reveal any non-frivolous issues and we grant counsel's application to withdraw. *See Santiago*, *supra* at 354 n.5.

Judgments of sentence affirmed. Counsel's application to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/18/2022